**SULAIMAN LAW GROUP, LTD.**
Omar T. Sulaiman (Ill. State Bar No. 6322837)
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
E-Mail: osulaiman@sulaimanlaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Joan M. Palmer,<br><br>            Plaintiff,<br><br>   v.<br><br><br>Audit Systems, Inc.,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>   **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>   **2. THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.;***<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** JOAN M. PALMER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AUDIT SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §139 as Defendant conducts business in the District of Arizona and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the District of Arizona.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in the District of Arizona.

5. Defendant advertises itself as a "highly respected and successful collection agency."[1] Defendant is a corporation organized under the laws of the State of Florida with its principal place of business located at 3696 Ulmerton Road, Suite 200, Clearwater, Florida 33762. Defendant engages in collection activities in several different states, including the State of Arizona.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. On November 26, 2019, Defendant began placing collection calls to Plaintiff's cellular phone in order to collect upon an allegedly defaulted consumer debt ("subject debt").

8. Plaintiff began receiving these calls to her cellular telephone number, (480)-XXX-8100.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 8100. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

---

[1] http://auditsystemsinc.net/aboutus

2

10. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

11. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. During this call, Plaintiff informed Defendant's she was on the do not call registry and requested that Defendant no longer contact her.

12. Failing to acquiesce to Plaintiff's demand to cease calling, Defendant continued to call Plaintiff's cellular phone, at times even calling twice a day, and on back to back days.

13. During the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the alleged subject debt.

15. Failing to acquiesce to Plaintiff's demands that it stop calling her cellular phone, Defendant continued to call Plaintiff without her consent numerous times between November 2019 and the present day.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

17. Moreover, upon information and belief, Defendant has not mailed a "dunning" notice to Plaintiff as required by 15 U.S.C. § 1692g.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, and aggravation.

3

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c

26. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the alleged subject debt.

27. Furthermore, the large volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

28. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA §1692d

29. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the alleged subject debt.

30. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from November 2019 through the present day.

    c. **Violations of FDCPA § 1692g**

31. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

32. Defendant violated § 1692g by failing to provide the written information required within five days after the initial communication with Plaintiff.

33. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JOAN M. PALMER, respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Enjoin Defendant from further contacting Plaintiff;

    c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant repeatedly sent or caused to be sent frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

38. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

39. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

40. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

41. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between November 2019 and the present day, after being told to cease calling, using an ADTS without her consent.

42. Any prior consent Defendant had to place calls to Plaintiff's cellular phone, if any, was revoked by Plaintiff's verbal revocation.

43. As pled above, Plaintiff was severely harmed by Defendant's collection attempts.

44. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

45. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

46. Defendant, through their agents, representatives, subsidiaries, this party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

47. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JOAN M. PALMER, respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be in violation of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
c. Enjoining Defendant from further contacting Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 21, 2020

Respectfully submitted,

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
osulaiman@sulaimanlaw.com
*Attorney for Plaintiff*